UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA R. HOWARD,

               Plaintiff,                         Case Number 10-13997
                                                   Honorable Julian Abele Cook, Jr.

v.

SINAI-GRACE HOSPITAL, DETROIT MEDICAL
CENTER, and ABRAHAM WEBERMAN,

               Defendants.

ORDER

On October 6, 2010, the *pro se* Plaintiff, Donna R. Howard, filed this lawsuit in which she alleges that the Defendants, Sinai-Grace Hospital ("Sinai-Grace"), the Detroit Medical Center ("DMC") and Abraham Weberman,[1] violated her rights under Title VII of the Civil Rights Act of 1964. She claims that her employment with the Sinai-Grace and the DMC (collectively, "the Defendants") was terminated on the basis of impermissible gender, age, and disability discrimination grounds. According to Howard, the Defendants' conduct caused her to be subjected to slanderous comments, and to experience pain and suffering, for which she seeks damages in the form of, *inter alia*, back wages.

Currently pending before the Court is a joint motion by DMC and its wholly owned subsidiary, Sinai-Grace Hospital, with both entities seeking to obtain (1) a dismissal of Howard's

---

[1]Howard has identified Weberman as an attorney whom she retained to process a claim for worker's compensation on her behalf. However, a reading of Howard's *pro se* complaint clearly indicates that her claims against him have no bearing on the Defendants' now-pending dispositive motion.

complaint on the basis of her alleged failure to state a claim under Fed. R. Civ. P. 12(b)(6), and (2) the entry of a summary judgment pursuant to Fed. R. Civ. P. 56 (c) because, in their collective opinion, there is no genuine issue as to any material fact to be resolved in the above-entitled cause. For the reasons that have been stated below, the Defendants' motion will be granted.

I.

The Plaintiff is a Michigan resident who asserts that she worked for both of the Defendants over an extended period of time until her termination on January 17, 2007. Although Howard has not outlined the circumstances surrounding her firing, it is her contention that the Defendants' discriminatory acts occurred between "2006 - January 17, 2007." Although the complaint indicates that Howard filed her charges of discrimination with the Michigan Civil Rights Commission in 2008, it does not include the date (or even the approximate date) when, if at all, she received a "Right-to-Sue" letter from the Equal Employment Opportunity Commission ("EEOC"). However, she does acknowledge that her complaint was filed beyond the requisite 90 day period, as outlined in 42 U.S.C. § 2000e-5(f)(1).[2]

The Defendants have also proffered two letters from the Michigan Department of Civil Rights (MDCR) which, in their judgment, undermine the legitimacy of Howard's claims in this lawsuit. The first letter, dated July 22, 2008, indicates that she had filed two untimely requests for reconsideration of adverse decisions that had been rendered by the MDCR in connection with her administrative claims against the Sinai-Grace Hospital. In a second letter, which was dated April

---

[2]The Defendants assert that they were equally unsuccessful in their efforts to locate an EEOC Right-to-Sue letter in Howard's personnel file within the DMC's Human Resources Department or in records from the EEOC. As to the EEOC in particular, the Defendants have produced a letter which indicates that, as of October 27, 2010, the agency had no records whatsoever involving Howard.

2

15, 2009, the MDCR noted that Howard had described her employer-employee relationship with the Sinai-Grace Hospital in the following manner:

> I worked as a patient care associate for 18 years and then one day, I was called into the office and fired. I was not even given a reason. However, I believe my supervisor did not like me; and because the hospital was in the process of downsizing its staff.

The MDCR also noted that it does not have a record of any formal civil rights complaint ever having been filed relating to Howard's concerns with her employers. Furthermore, it deemed itself legally prohibited from undertaking any further action on her behalf because she (1) had not provided the MDCR with "sufficient grounds to investigate a formal complaint," and (2) "did not disclose a basis [for the claimed discrimination]," be it race, color, national origin, sex, disability, religion, age, weight or height. Based on these letters and the lack of evidence from the EEOC, the Defendants urge the Court to conclude that Howard never (1) filed a charge of discrimination with either of these agencies, and (2) received a Right-to-Sue letter from the EEOC.

In a hand-written two-page response, Howard summarily indicates that she suffers from a variety of unspecified medical issues relating to her back and left side, all of which were virtually ignored by her now-former employer, Sinai-Grace Hospital. Furthermore, Howard asserts that she has not received any workers compensation benefits or social security income for those maladies which have been attributed to the Defendants' violation of her civil rights.

II.

Turning to the Defendants' pending dispositive motions, the Court initially looks to Fed. R. Civ. P. 12(b)(6) which requires a judicial inquiry as to whether the plaintiff has stated a claim upon which relief may be granted. In making such an assessment, a court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine

3

if the factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

As to Fed. R. Civ. P. 56(c), the Supreme Court opined in 1986 that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Under this Rule, a motion for a summary judgment should be granted if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the movants to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, a court should examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). It is the responsibility of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, a summary judgment must be entered only if (1) the evidence clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Significantly, the presentation of a mere scintilla of supporting evidence is grossly insufficient. *See Anderson*, 477 U.S. at 252, *quoted*

*in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

III.

In their motion to dismiss and/or for the entry of a summary judgment, the Defendants initially contend that Howard's gender, age, and disability claims should be rejected because she has failed to exhaust her administrative remedies.

In order to prevail on a claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(d), a plaintiff must first file a charge with the EEOC before filing a civil action. *See, e.g., Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).[3] This charge of discrimination is sufficient so long as it contains a written statement that generally identifies the parties and the challenged action or practices which form the basis for the complaint. *Id.* (Citing 29 C.F.R. § 1601.12(b)). The purpose of this requirement is to trigger the EEOC's investigatory and conciliatory procedures in an effort to obtain the parties' voluntary compliance with the law rather than attempting to achieve a resolution of the dispute through litigation. *Id.*

A similar requirement exists as a condition precedent to claims of discrimination under Title VII, 42 U.S.C. § 2000e, et. seq, and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12117. *See generally, Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982) (although filing timely charge of discrimination with EEOC is necessary to prevail on Title VII claim of

---

[3]Although *Davis* and other Sixth Circuit cases have held that this exhaustion requirement is a jurisdictional prerequisite to filing a civil action, the Supreme Court cast doubt on this view of the law several years ago when it held, in essence, that if Congress clearly makes a threshold limitation (such as an employer size) a jurisdictional requirement, it will be treated accordingly. However, "when Congress does not [identify] a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in nature." *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)

5

discrimination, this requirement is subject to waiver, estoppel, and equitable tolling); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (exhaustion of administrative remedies is condition precedent to ADA claim)

A plaintiff must file her EEOC charge within 180 days of the unlawful employment practice, or within 300 days if the plaintiff chooses to proceed through a state or local agency such as the MDCR. *See generally,* 42 U.S.C. § 2000e-5(e) (unlawful employment practice claim must be filed within three hundred days after date of alleged illegal act); 29 U.S.C §626(d)(1) ("a[n][age discrimination] charge shall be filed (A) within 180 days after the alleged unlawful practice occurred; or (B) [in the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age], within 300 days after the alleged unlawful practice occurred. . . ."); 42 U.S.C. § 12117(a) (making procedures set forth in 42 U.S.C. § 2000e-5 applicable to disability discrimination claims under the ADA).

After carefully reviewing the record, the Court agrees with the Defendants that Howard's lawsuit must be dismissed because of her failure to satisfy the clear requirements of these statutes. In her complaint and responsive pleading, Howard admits that the alleged discriminatory acts occurred between an unspecified date in 2006 and January 17th of the following year. Thus, under the Title VII, ADA, and the ADEA, she would have been required to file a charge with the EEOC and/or the MDCR within 300 days, i.e., on or before November 13, 2007. On the face of her complaint, however, Howard freely admits that charges were filed with the MDCR in 2008 (though she could not recall the correct date). Even accepting her version of the facts as true, it is clear that her discrimination charge would have been untimely by at least 48 days (assuming that she filed the allegations on the earliest possible date in 2008, i.e. January 1, 2008). Her claims under these

6

provisions must therefore fail.

Furthermore, Howard has not adequately pled the elements of a defamation claim, which requires a showing of "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 474 Mich. 21, 24 (2005) (citations omitted).  Among other things, she has neither identified any incriminating statements by the Defendants nor proven that such statements were published to a third party.  As such, she cannot prevail on this aspect of her complaint.  Hence, it must be dismissed as a matter of law.

## IV.

Therefore and for the foregoing reasons, the Defendants' motion to dismiss the Plaintiff's complaint is granted.

As to the remaining Defendant, Abraham Weberman, the record establishes that a copy of Howard's complaint was mailed to him on October 18, 2010. However, there is no record that he ever responded or attempted to respond to the allegations within the complaint. Howard who - as the complainant in this action -  is responsible for prosecuting this action against Weberman, has not done anything further to pursue her claim as to him.  Accordingly, Howard is directed to respond in writing or otherwise show good cause on or before April 15, 2011 as to why this action should not be dismissed for lack of progress against Weberman, in accordance to E.D. Mich. L.R. 41.2.

This order will serve as notice to Howard, as required by Fed. R. Civ. P 4(m) and E.D.

Mich. L.R. 41.2.


      IT IS SO ORDERED.


Dated:  _March 24, 2011_             _s/Julian Abele Cook, Jr._____
         Detroit, Michigan            JULIAN ABELE COOK, JR.
                                 United States District Court Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant Donna Howard  on March 24, 2011


Donna R Howard
Sherwood Heights Apartments
19519 Cranbrook
Apt 202
Detroit, MI 48221

                                 _s/ Kay Doaks_____
                                 Case Manager